[S. F. No. 1831.   Department One.—December 23, 1901.]

## ANNA T. DAUBERT, Respondent, v. WESTERN MEAT COMPANY, Appellant.

ACTION FOR DEATH—MASTER AND SERVANT—EMPLOYMENT AT MACHINE —ORDER TO REPLACE BELT UPON SHAFT—DEATH FROM SET-SCREWS —RISK NOT ASSUMED.—A servant regularly employed at a machine upon the floor, operated from a revolving shaft ten feet above the floor, did not assume the risk of injury from protruding set-screws upon the shaft, which could not ordinarily be seen when the shaft was revolving, upon obeying an order of the foreman, for the first time, to ascend a ladder and replace a belt which had slipped from a pulley onto the shaft, if it does not appear that he knew of the special danger from the position of the set-screws, or was cautioned in relation thereto; and the employer is liable in an action for his death caused by his clothing being caught in the set-screws.

ID.—TEMPORARY EMPLOYMENT—ASSUMPTION OF RISK—PROOF REQUIRED —QUESTION FOR JURY.—Clear, explicit, and uncontradicted proof is required to show an assumption of risk of danger, as a matter of law, in a temporary employment outside of the regular employment of the servant; and, in the absence of such proof, evidence based merely upon inference and presumption, and not necessarily proving knowledge by the servant of the special danger attending such temporary employment, raises only a question of fact for the jury.

ID.—RULE OF EMPLOYMENT—NOTICE OF FOREMAN—ORDER OF FOREMAN —JUSTIFICATION OF SERVANT.—Where the only evidence of the knowledge by the deceased servant that a rule was in force forbidding employees in the room to interfere with the machinery when disordered is the testimony of the same foreman who ordered the servant to remove the belt from the shaft, the servant was justified in obeying the order.

ID.—SLIPPING OF SERVANT UPON LADDER—INEVITABLE ACCIDENT—FAULT OF EMPLOYER—LIABILITY FOR DEATH.—Even if the slipping of the

servant upon the ladder accidentally contributed to his death, it was not an inevitable accident in the eye of the law, since the defendant was at fault in ordering the servant to perform a dangerous undertaking outside of his employment, of the danger of which he knew nothing, and was not informed by the employer. If the defendant was so in fault, and there was no contributory negligence of the servant, even if he did slip from the ladder, thereby becoming entangled in the set-screws, the liability for his death is made out.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George H. Bahrs, Judge.

The facts are stated in the opinion of the court.

C. H. Wilson, and Jesse W. Lilienthal, for Appellant.

The defendant was not bound to box or guard against the set-screws. (*Glassheim* v. *Printing Co.*, 34 N. Y. Supp. 69-72; *Schroeder* v. *Michigan Car Co.*, 56 Mich. 132-134; *Kelley* v. *Silver Spring etc. Co.*, 12 R. I. 112-116;[1] *Rooney* v. *Sewall etc. Cordage Co.*, 161 Mass. 153-159.) The deceased was injured in the violation of a known rule, and the defendant is not responsible for his death. (*Shanny* v. *Androscoggin Mills,* 66 Me. 420-429; Beach on Contributory Negligence, 2d and 3d eds., sec. 373; 2 Bailey's Personal Injuries, secs. 3392 to 3460, and cases cited.) A servant ordered to undertake an extrahazardous employment, not embraced in his regular employment, assumes the risk of all known dangers incident thereto. (*Cummings* v. *Collins,* 61 Mo. 520-524; *Hulett* v. *St. Louis etc. Co.*, 67 Mo. 239-240; *Brown* v. *Byroads,* 47 Ind. 435; *Russell* v. *Tillotson,* 140 Mass. 201; *Atlas Engine Works* v. *Randall,* 100 Ind. 293-298;[2] *Cahill* v. *Hilton,* 106 N. Y. 512-518; *Kean* v. *Rolling Mills,* 66 Mich. 277-288;[3] *Wormell* v. *Maine Central etc R. R.*, 79 Me. 397-407;[4] *McGlynn* v. *Brodie,* 31 Cal. 376-380.) If the injury happened from the slipping of Daubert's foot, it was an "inevitable accident." (16 Am. & Eng. Ency. of Law, 396; Cooley on Torts, 2d ed., 92, 99; *Buckley* v. *Gutta Percha etc. Mfg. Co.*, 113 N. Y. 540, 543, 546; *French* v. *Columbia etc. Co.*, 169 Mass. 531-533.)

[1] 34 Am. Rep. 615.

[2] 50 Am. Rep. 798.

[4] 1 Am. St. Rep. 321.

[3] 11 Am. St. Rep. 492.

William J. Herrin, for Respondent.

A master is responsible for an injury sustained by the servant without his fault, when ordered by one having authority over him to do an act outside of the scope of his employment, whereby he is exposed to danger not contemplated in his contract of service. (*Union Pac. R. R. Co.* v. *Fort,* 17 Wall. 553; *Buzzell* v. *Laconia Mfg. Co.,* 48 Me. 113;[1] *Gisson* v. *Schwabacher,* 99 Cal. 419; *Gilmore* v. *Northern Pacific Ry. Co.,* 18 Fed. Rep. 866; *Mann* v. *Oriental Print Works,* 11 R. I. 152; *Orman* v. *Mannix,* 17 Colo. 564;[2] *Chicago etc. Ry Co.* v. *Bayfield,* 37 Mich. 205; *Mullin* v. *California etc. Co.,* 105 Cal. 77; 14 Am. & Eng. Ency. of Law, subd. 14, p. 356; *Higgins* v. *Williams,* 114 Cal. 182; *Foley* v. *California etc. Co.,* 115 Cal. 184;[3] *Verdelli* v. *Grays Harbor Co.,* 115 Cal. 524; *Goggin* v. *Osborne,* 115 Cal. 440.) Where the accident and want of ordinary care concur in producing an injury, the negligent person is liable for the consequences. (16 Am. & Eng. Ency. of Law, 396; *Chidester* v. *Consolidated Ditch Co.,* 59 Cal. 197.)

GAROUTTE, J.—This is an action by the widow to recover damages for the death of her husband. Damages were awarded, and defendant appeals from the judgment and order denying a motion for a new trial.

Deceased was employed by defendant as a sausage-maker. He worked at the grinder and chopping-machine. A revolving shaft ran the length of the building, about ten feet above the floor, this shaft furnishing power for the machinery. A short time before the accident the belt slipped from a pulley and was resting upon the revolving shaft. The shaft consisted of two sections, which were coupled together, and at this coupling set-screws protruded three fourths of an inch. The foreman of the floor ordered the deceased to take a step-ladder and remove the loose belt from the shaft. While upon the ladder, and in the act of removing it, his clothing was caught by the set-screws and he was dashed to death.

Upon the part of defendant it is claimed,—1. That the defendant was under no legal duty to fence or box the shaft or coupling; 2. That the defendant was not guilty of negligence

---

[1] 77 Am. Dec. 212.

[2] 31 Am. St. Rep. 340.

[3] 56 Am. St. Rep. 87.

in operating a shaft nine or ten feet above the floor, with set-screws projecting from the coupling-sleeve; 3. That the position of the set-screws and danger from them was known to Daubert; 4. That in directing Daubert to hang up the belt the foreman violated a rule of the defendant; 5. That in ascending the ladder for the purpose of hanging up the belt Daubert violated a rule of the defendant; 6. That the proximate cause of the accident and resulting death was the slipping of Daubert's foot upon the ladder.

For present purposes, it will be conceded that defendant was under no legal duty to box the shaft or coupling, and also that the defendant was not guilty of negligence in operating a shaft ten feet above the floor, with projecting set-screws. We are, then, met with the proposition of defendant, that deceased knew the position of the set-screws and the danger surrounding them.

It is laid down in 14 American and English Encyclopedia of Law, page 856 et seq.: "The servant's implied assumption of risks, which accompanies and is a part of a contract of hiring, is confined to the particular work and class of work for which he is employed; and if the master orders him to work temporarily in another department of the general business where the work is of such a different nature and character that it cannot be said to be within the scope of the employment, and where he is associated with a different class of employees, he will not, by obeying such orders, necessarily thereby assume the risks incident to the work." Here the work which deceased was doing at the time of his death was outside of and different from his regular work. This being so, if he did not know the character of the machinery and the danger surrounding the act of removing the belt, then he assumed no risk in attempting to carry out the orders of the foreman. There is some vague general evidence, upon the part of the foreman, that deceased knew of the situation of these set-screws. This evidence in no sense is positive and direct to that effect. It is based upon inference and presumption; and in a case involving the principle here declared, it will not be held, as matter of law, that the injured party assumed the risk unless the evidence is clear, explicit, and uncontradicted to that point. Under the circumstances here developed, it was the duty of the foreman to caution the deceased as to the danger of the undertaking. It was

his first attempt to work in or about the shaft. His ordinary duties were performed some distance from the shaft, and had no connection whatever with it. The shaft was overhead, and therefore out of the ordinary line of vision. It was in constant revolution during working hours, and, when revolving, the set-screws could not be seen. While it is in evidence that deceased, under orders, requested the engineer at one time to fix the set-screws, it is not at all apparent that he saw them at that time. It is also in evidence that set-screws are ordinarily made flush with the coupling, thereby not protruding, and it does not follow that in conveying the order to the engineer he necessarily knew either the locality of the set-screws or that they protruded.

The foreman of the floor, the leading witness for the defendant, says upon cross-examination: ''Daubert was working at the grinding-machine. He had worked at that machine three or four months. His business was to grind and chop the meat. He had never been upon the ladder before or in the vicinity of the coupling before, to my knowledge.'' But it may be said as to all the testimony of this witness, that probably it was not entirely satisfactory to the jury. In conclusion, upon this branch of the case, it is sufficient to say that, under the evidence given at the trial, it was for the jury to pass upon the question as to whether or not deceased had knowledge of the presence of the set-screws upon the shaft.

It is contended that it was a rule of the defendant that the employees of the sausage-room were forbidden to interfere with the machinery when it became disordered. In this connection it may be said that the only notice deceased ever had that any such rule was in force was found in the testimony of the foreman to the effect that he told him there was a rule of that kind. Yet we find this same foreman to be the man who ordered deceased to remove the belt from the shaft. Certainly, under these circumstances, the employee was justified in obeying the order.

It is contended that the proximate cause of the death was the slipping of Daubert's feet upon the ladder, and that for this reason it was an inevitable accident. The testimony is not at all conclusive that Daubert slipped upon the ladder, and for that reason came in contact with the set-screws. But even if it be so, it was not an inevitable accident in the eye of

the law. If the defendant ordered its employee to perform a dangerous undertaking outside of his regular work,—a danger of which he knew nothing, and of which he was not informed by defendant,—and the employee was injured, under such circumstances, the defendant is not released from liability, even though the injury would not have occurred if some act of the employee had not contributed in part as the cause of it. Defendant's negligence in such a case is not so remote as to absolve it from liability, and under those circumstances the accident cannot be considered as inevitable, in the sense that it is *damnum absque injuria.* When there is fault there is liability, and when there is fault the accident cannot be said to be inevitable. If the defendant was in fault in sending this man to do the work, and there was no contributory negligence upon his part, then, even if he did slip from the ladder, thereby becoming entangled in the set-screws, the liability is made out.

No exceptions were taken to the action of the court upon the instructions given and refused.

For the foregoing reasons the judgment and order are affirmed.

Van Dyke, J., and Harrison, J., concurred.

Hearing in Bank denied.